UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN D. PATTERSON,<br><br>                Plaintiff,<br><br>     v.<br><br>RUSSELL K. CARR, VERA CARR, LORRI ELLEN CARR,<br><br>                Defendants. | Case No. C06-5626RJB<br><br>ORDER DISMISSING CASE |

      This matter comes before the court on the court's order to show cause. Dkt. 2. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

      Plaintiff filed a civil complaint on October 27, 2006. Dkt. 1. The allegations and the legal basis for the complaint are unclear, but it appears that plaintiff believes that the state trial court erred; that plaintiff did not borrow funds from the defendants; that the evidence supports plaintiff's statement of the facts; that he was denied discovery; and that defendants "have slandered title to Patterson's land." See Dkt. 1 and 4.

      On November 16, 2006, the court issued an order to show cause, requiring plaintiff to show cause by December 1, 2006, why this case should not be dismissed without prejudice for failure to state a claim because the complaint does not state the basis for the Court's jurisdiction, lists no causes of action, and appears to be an attempt to appeal an order from a different court. Dkt. 2. The court informed plaintiff that, if he failed to respond to the order to show cause or if he otherwise failed to show cause, the court

ORDER
Page - 1

1  would dismiss the case without prejudice. *Id.* Following a telephone call from plaintiff, the court extended
2  the date by which plaintiff was required to file his response to the order to show cause to December 15,
3  2006. Dkt. 3.
4        On December 20, 2006 plaintiff filed a document, captioned "Complaint." Dkt. 4. This document
5  states that there are two items at issue: contracts (7/9/99 and 12/15/99) and transfer of funds Carr to
6  Patterson [sic]. Dkt. 4, at 2. This document also references several Washington statutes. *Id.* at 2.
7  Although this document was not timely filed, in the interest of fairness, the court will consider it.
8  <center>DISCUSSION</center>
9        A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise.
10 *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*
11 *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the burden of proving the
12 existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v.*
13 *Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Association of Am. Med. Colls. v. United*
14 *States,* 217 F.3d 770, 778 (9th Cir. 2000). Jurisdiction is a threshold issue that must be raised *sua sponte*.
15 *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).
16       The court has construed liberally the documents plaintiff has filed. Plaintiff has stated no facts or
17 legal theory that would provide a basis for jurisdiction of the federal court. The complaint should be
18 dismissed for failure to state a claim.
19       Therefore, it is hereby
20       **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**
21       The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
22 party appearing *pro se* at said party's last known address.
23       DATED this 21st day of December, 2006.
24
25
      /s/ Robert J. Bryan
26       Robert J. Bryan
      United States District Judge
27
28